## Commonwealth *v.* Lowenburg, Appellant.

*Criminal procedure—Trials—Remarks to jury in another case—Relevancy.*

On an appeal from a conviction for the illegal sale or possession of intoxicating liquors, the assignment of error was based on the remarks of the court made to another jury, in the presence of the jury sworn to try the defendant. It appeared that the other jury had returned a verdict of not guilty in spite of the fact that the defendant had admitted his guilt and that the facts had also been proven by other witnesses. The court thereupon expressed surprise at the verdict, and discharged the jury from further attendance for the reason that their verdict was in direct violation of the evidence and not in obedience to their oaths.

Under such circumstances, the remarks of the court cannot be held to have been in any way prejudicial to the defendant, or to have influenced the jury which was about to pass upon his case and the verdict will be sustained.

Argued April 13, 1925. Appeal No. 102, October T., 1925, by defendant from judgment of Q. S. Philadelphia County, September Sessions, 1924, No. 175, on

verdict of guilty in the case of Commonwealth of Pennsylvania v. Samuel Lowenburg.  Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Indictment for the sale and possession of intoxicating liquors.  Before HENNINGER, P. J., Fiftieth Judicial District, specially presiding.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty on which judgment of sentence was passed.  Defendant appealed.

*Error assigned* was the statement of the trial judge to another jury, in the presence of the jury about to try the defendant.

*Walter Thomas,* and with him *Henry M. Stevenson,* for appellant.

*Michael Foley,* Assistant District Attorney, for appellee.

OPINION BY HENDERSON, J., July 9, 1925:

The language of the trial judge as set forth in the single assignment of error was used not during the trial of the appellant, but after that case had been submitted to the jury.  The words excepted to were addressed to another jury which had just returned a verdict of not guilty.  The only evidence which we have of what took place at the trial in that case is to be found in the words of the court.  It there appears that the defendant had admitted his guilt and that several other witnesses testified to his guilt from which we may assume that there was no evidence tending to show that the defendant was not guilty.  In such circumstances the court expressed surprise at the verdict and discharged the jury from further attendance on

the court for the reason that their verdict was in direct violation of the evidence and not in conformity with the oath they had taken to return a verdict in accordance with the evidence. It is now contended on behalf of the appellant that such a statement in the presence of the jury which had heard the evidence and the charge of the court in his case was prejudicial to him, that is, the reprimand by the court of a jury in another case for having disregarded the evidence and acquitted a defendant who admitted his guilt amounted to intimidation of the jury in the appellant's case. It is not and could not be urged by the appellant's counsel that it was not the duty of the jury to return a verdict in accordance with the evidence. It must be admitted that they were bound so to do on their oaths. The remarks of the court had no other effect than to emphasize this duty. They were not made to coerce the discharged jury into returning a different verdict from that rendered, nor were they addressed to the jury sworn to try the appellant, and he is certainly not in a situation to complain that a jury in another case was criticized for failing to give any consideration to the testimony. There is nothing in the remarks excepted to which have the slightest bearing on the verdict to be rendered by the jury in the case under consideration. There is no intimation that the jury were required to return any other verdict than that which under their oaths they had undertaken to do. The extended argument by appellant's counsel of the proposition that the jurors are judges both of the law and facts is therefore irrelevant. We are not here concerned about that much discussed question. There is not the slightest evidence that the court undertook to control the jury in the case now appealed, and an examination of the charge shows that the instruction to the jury was a fair, impartial and judicial consideration of the case. There are numerous precedents sustaining the action of the court in discharging the jurors in the other case

for reasons of the same character as that stated in the remarks assigned for error, but the question of the authority of the court is not now before us. The question here is whether anything said by the court in the other case can be held to have affected the defendant prejudicially?

The assignment is overruled and the judgment affirmed, and the record remitted to the court below, and it is ordered that the defendant appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed at the time the appeal in this case was made a supersedeas.